1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    LEON HARDIN,                              Case No. 1:18-cv-01419-JLT (PC)

12                   Plaintiff,                 **ORDER DENYING MOTION TO
                                                RE-OPEN CLAIM AND DEFENDANTS**
13          v.                                  **TO APPEAR OR FILE AN ANSWER**

14    R. RODRIGUEZ, et al.,                     (Doc. 14)

15                   Defendants.

16

17          Plaintiff has filed a motion to re-open the case and order Defendants to appear or file an

18    answer. (Doc. 14.) On April 4, 2019, the Court conducted a settlement conference, at which the

19    parties entered a global settlement of CASE NOS. 2:17-CV-1340-MCE-AC, and 1:18-CV-1097-

20    LJO-JDP and 1:18-CV-1419-JLT. (Doc. 11.) The minutes of the settlement conference indicate

21    that Plaintiff's notice of voluntary dismissal with prejudice was signed and submitted to the Court

22    for filing. (Doc. 12.) On the same day, Plaintiff filed a notice of dismissal with prejudice under

23    Federal Rule of Civil Procedure 41(a)(1)(A)(i). On May 7, 2019, the Court directed the Clerk of

24    Court to close this action in light of the voluntary dismissal. (Doc. 13.) The Clerk closed the case

25    and served the order on Plaintiff by mail. *Id.*

26          On May 17, 2021, Plaintiff filed the instant motion to re-open his case. (Doc. 14.) Plaintiff

27    states that he did not file a notice of voluntary dismissal, and the order closing the case was an

28    abuse of authority that deprived Plaintiff of due process. *Id.* Plaintiff contends that "[a]nyone who

might have filed [the] notice did it illegally without Plaintiffs (sic) consent, and the order closing the case was invalid or illegal. (Doc. 14.)

Plaintiff does not state a rule of procedure, but liberally construing the complaint, the Court will treat the motion as a Rule 60 motion for the relief from a judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Under the catch-all provision of Rule 60(b)(6), the court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party asserting "excusable neglect" may not seek relief more than a year after the judgment by relying on subsection (6). *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)).

In this case, Plaintiff argues that the Court's order of was "falsely and[/]or illegally" issued. (Doc. 14). Plaintiff contends that he did not file a notice of voluntary dismissal and that any notice filed on his behalf was filed illegally and without his consent. He filed his motion to re-open over two years after the order directing the Clerk of Court to close this case. (*See* Doc. 13, 14.) Plaintiff offers no reason for the lengthy delay. Plaintiff has also failed to identify which

subsection of Rule 60(b) or any other rule he relies on for relief from the order. Accordingly, the Court **DENIES** Plaintiff's motion to re-open this case. (Doc. 14.)

IT IS SO ORDERED.

Dated:   __July 12, 2021__                        __/s/ Jennifer L. Thurston__
                                                CHIEF UNITED STATES MAGISTRATE JUDGE